UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARMANDO VILLEGAS, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:19-cv-1057 |
| | § | |
| M.G. DYESS, INC.  AND | § | |
| DEMETRIUS DONTAE MCDONALD | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff ARMANDO VILLEGAS, JR. files this  Plaintiff's Original Complaint, seeking to recover compensatory and exemplary damages from Defendants M.G. DYESS, INC. and DEMETRIUS DONTAE MCDONALD, and in support thereof, alleges the following:

**I. PARTIES**

1.0     Plaintiff ARMANDO VILLEGAS, JR. is a citizen of the United States; he resides in Texas.

1.1     Defendant M.G. DYESS, INC. is a company doing business in the State of Texas and  may be served with process by serving its Registered Agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1.2     Defendant DEMETRIUS DONTAE MCDONALD is an individual residing in Paulding, Mississippi and may be served with process at his residence, 1840 Hwy 503, Paulding, Mississippi 39848.

**II.    JURISDICTION**

2.0     This court has proper jurisdiction over this matter as it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332.

**III.    VENUE**

3.0     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.    CONDITIONS PRECEDENT

4.0.    All conditions precedent have been performed or have occurred.


## V.    FACTS

5.0.    Defendant M.G. DYESS, INC. hired, qualified, trained, and retained Defendant MCDONALD in a job that required him to drive on the public roadways of this district. At all times relevant to this lawsuit, Defendant MCDONALD was acting in the course and scope of his actual and/or statutory employment with Defendant M.G. DYESS, INC.

5.1.    On or about February 7, 2019, Defendant DEMETRIUS DONTAE MCDONALD ran a stop sign and struck Plaintiff ARMANDO VILLEGAS, JR. and his vehicle.  As a proximate result of the collision, Plaintiff ARMANDO VILLEGAS, JR. suffered injuries.


## VI.    COUNT 1 - NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEMETRIUS DONTAE MCDONALD

6.0.    Defendant MCDONALD was negligent and/or grossly negligent in the operation of his motor vehicle. Defendant MCDONALD had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in on or more of the following ways:

   a.    Failed to yield the right of way;

   b.    Failed to operate his vehicle in a safe manner;

   c.    Failed to keep a proper lookout;

   d.    Failed to control his speed;

   e.    Failed to timely apply his brakes; and,

   f.    Failed to drive as a reasonable person would have driven under similar circumstances.

6.1.    As a direct and proximate result of this negligence and/or gross negligence, Plaintiff ARMANDO VILLEGAS, JR. suffered injuries and damages.

## VII    COUNT 2 - NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT M.G. DYESS, INC.

7.0.    Defendant M.G. DYESS, INC. is vicariously liable for the negligence of Defendant MCDONALD under the doctrine of respondeat superior.

7.1.    Furthermore, based on the facts of this collision, Defendant M.G. DYESS, INC. was negligent and/or grossly negligent in the qualification, hiring, training, supervision, and retention of Defendant MCDONALD.

7.2.    As a direct and proximate result of this negligence and/or gross negligence, Plaintiff ARMANDO VILLEGAS, JR. suffered injuries and damages.

## VIII.    DAMAGES

8.0.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a.       Medical care, past and future;

   b.       Lost wages and earning capacity, past and future;

   c.       Physical impairment, past and future;

   d.       Physical pain, emotional distress, and mental anguish, past and future; and,

   e.       Disfigurement, past and future.

8.1.    Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs.

## IX. DEMAND FOR JURY

9.0.    Plaintiff hereby demands a trial by jury.

## X.    PRAYER

10.0    For these reasons, Plaintiff asks for judgment against Defendants for the following:

   a.       Compensatory and exemplary damages;

   b.       Prejudgment and post-judgment interest;

   c.       Court costs; and,

      d.      Any other relief which the Court deems appropriate.

10.1.  Plaintiff prays that Defendants be served, and upon trial on the merits, the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, post judgment interest, court costs, and any other relief Plaintiff is justly entitled to.

Respectfully submitted,

*/s/ Laura Pazin Porter*
Laura Pazin Porter
Texas Bar No. 24032941
Michael R. Cowen
Texas Bar No. 00795306
COWEN | RODRIGUEZ|  PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone:  (210) 941-1301
Facsimile:   (210) 579-8968
E-Mail for Service:  efilings@cowenlaw.com