IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARMANDO VILLEGAS JR., | § § § | |
| *Plaintiff*, | § § | 5-19-CV-01057-OLG-RBF |
| vs. | § § | |
| M.G. DYESS, INC., DEMETRIUS DONTAE MCDONALD, BERKLEY NATIONAL INSURANCE COMPANY, | § § § § | |
| *Defendants*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns (1) the Motion for Summary Judgment filed by Defendant M.G. Dyess, Inc., Dkt. No. 54; (2) the Motion for Extension of Time to Respond to M.G. Dyess's Motion for Summary Judgment filed by Plaintiff Armando Villegas, Jr., Dkt. No. 56; and (3) the Motion to Compel Depositions of Fact Witnesses Karl Ivy and Stuart Adams filed by Villegas, Dkt. No. 61. *See* Dkt. No. 5. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 55. Authority to enter this recommendation regarding M.G. Dyess's summary judgment motion and order regarding Villegas's requests for discovery and extension of time to file his response stems from 28 U.S.C. § 636(b).

1

For the reasons set forth below, Villegas's Motion for Extension of Time, Dkt. No. 56, and Motion to Compel, Dkt. No. 61, are **DENIED**. It is further recommended that M.G. Dyess's Motion for Summary Judgment, Dkt. No. 54, be **GRANTED**.

**Factual and Procedural Background**

This case arises out of a February 6, 2019[1] collision between Plaintiff Villegas and Defendant Demetrius Dontae McDonald, while McDonald was driving a truck leased by his employer M.G. Dyess. Villegas alleges—and M.G. Dyess doesn't dispute—that McDonald, while traveling at an unsafe speed, disregarded a stop sign and struck Villegas, injuring him. *See* Dkt. No. 54, Ex. H. M.G. Dyess, however, disputes its liability for the crash.

On the date of the accident, McDonald was working as a "straw" laborer at M.G. Dyess's Salt Creek job site in Pecos, Texas. *See* Ivy Aff. (Dkt. No. 54-2); Cromwell Dep. 45:10-20 (Dkt. No. 54-1). M.G. Dyess had originally hired McDonald for the position on June 5, 2017, and then re-hired him on January 2, 2019. *See* Dkt. Nos 54-4; 54-5. As a straw laborer, McDonald was tasked with ensuring the company Ford F250 truck was outfitted with the proper tools and equipment, traveling approximately four miles from the equipment yard to the job site, laboring at the job site, and then returning the truck to the equipment yard at the end of the day. *See* Ivy Aff.; Cromwell Dep. 45:12-20; 97:6-14. The day of the accident, McDonald completed his standard 10-hour shift at 5:00 pm and then immediately returned with the company truck to the equipment yard. *See* Ivy Aff.; Cromwell Dep. 44:20-45:7. Thereafter, M.G. Dyess released McDonald and his fellow crew members for the day. *See* Ivy Aff.; Cromwell Dep. 92:1-2.

---

[1] Although the Texas Peace Officer's Crash Report provides a crash date of February 7, 2019, the parties appear to agree that the accident occurred the day prior—on February 6, 2019. *See* Dkt. No. 57 at 2 (Pl. Resp); Dkt. No. 54-2.

At approximately 7:00 pm that evening, McDonald collided with Villegas in Monahans, Texas—30 miles away from M.G. Dyess's job site. *See* Cromwell Dep. 92:2-5; Dkt. No. 57-8. M.G. Dyess subsequently terminated McDonald for refusing to provide a post-accident drug sample and taking its truck without permission and in violation of company policy. *See* Cromwell Dep. 40:8-25; 55:12-19; 92:18-93:95-6.

On August 30, 2019, Villegas sued McDonald and M.G. Dyess, seeking to recover for injuries sustained in the collision. *See* Dkt. No. 1. Villegas's live complaint alleges McDonald was negligent and grossly negligent in the operation of the vehicle, and it seeks to hold M.G. Dyess vicariously liable for McDonald's negligence under the doctrine of respondeat superior. *See* Dkt. No. 65. Villegas further alleges that M.G. Dyess was negligent and/or grossly negligent "in the qualification, hiring, supervision, and retention" of McDonald, which proximately caused Villegas's injuries. *See id.*

On November 20, 2020—over a year after Villegas filed this case—Villegas obtained leave to add Berkley as a Defendant to recover, in the alternative, underinsured or uninsured motorist (UM/UIM) benefits pursuant to a policy issued to Villegas's employer. *See* Dkt. Nos. 38& 40 & Nov. 23, 2020 text order. Berkley subsequently moved to dismiss Villegas's claims against it, arguing that the pending and unresolved claims asserted by Villegas against McDonald and M.G. Dyess—the alleged tortfeasors—render the claim against Berkley unripe for resolution. *See* Dkt. No. 46. A report and recommendation regarding the disposition of that motion is currently pending.

On March 12, 2021—nearly three weeks before the lapse of the dispositive motion deadline[2]— M.G. Dyess moved for summary judgment. *See* Dkt. No. 54. It argues there's no genuine issue of material fact concerning whether (1) McDonald was acting in the course and scope of his employment at the time of the accident or (2) it was negligent—let alone grossly negligent—in the qualification, hiring, supervision, and retention of McDonald. In support of its first argument, M.G. Dyess provides affidavits from McDonald's crew foreman Karl Ivy and lead safety man Stuart Adams, each of whom attest that McDonald was off duty at the time of the incident and hadn't received permission to use the company truck. *See* Ivy & Adams Aff. Indeed, according to Adams, McDonald conceded as much after the accident. *See* Adams Aff.

Villegas, in his Response, argues that summary judgment is inappropriate because genuine issues of material facts exist as to M.G. Dyess's direct and vicarious liability. In addition, according to Villegas, M.G. Dyess's motion is "untimely due to the state of discovery." *Id.* at 4. Specifically, according to Villegas, discovery has been "delayed" due to (1) the COVID-19 pandemic; (2) McDonald's refusal to respond to discovery requests; (3) Berkley's "delay" in answering the complaint; and (4) M.G. Dyess's alleged refusal to produce Ivy and Adams for a deposition. Accordingly, contemporaneous with the filing of his summary judgment response, Villegas moved for an extension of time to respond to M.G. Dyess's summary judgment motion, claiming that "discovery is ongoing in the matter and additional facts and information are needed"— namely, the deposition of Ivy and Adams. *See* Dkt. No. 56. Approximately a week later, Villegas moved to compel Ivy and Adams's deposition. *See* Dkt. No. 61.

On May 5, 2021, the Court held a hearing on all pending motions, at the conclusion of which the Court took all pending motions under advisement.

---

[2] *See* Dkt. No. 45 (extending the dispositive motion deadline to March 31, 2021 at Villegas's request).

**Analysis**

A.  **Villegas's Motions Are Denied.**

Villegas's motions for extension of time and to compel the depositions of Ivy and Adams—which he filed over four months after the discovery deadline closed—are denied. Villegas's vague contention that further investigation is necessary is insufficient to warrant the relief requested. Moreover, the record reflects that Villegas wasn't diligent in pursuing the requested discovery and granting the relief requested would result in unfair prejudice to M.G. Dyess.

1.  *No relief would be warranted under Rule 56(d).* Federal Rule of Civil Procedure 56(d) provides that a summary judgment nonmovant may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). That showing then allows a court to "defer considering the motion or deny it," or to "allow time to obtain affidavits or declarations or to take discovery." *Id.*

The Court notes Villegas hasn't sought relief under Rule 56(d). But his motion for an extension of time wouldn't warrant relief under the rule in any event. Even assuming for argument's sake that Villegas had invoked Rule 56(d), "non-moving parties requesting rule 56(d) relief may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal quotation marks omitted). Villegas's vague unsworn contentions that (1) Ivy and Adams are "fact witnesses, vital to discovery," (2) he needs additional time to investigate issues relevant to his claims, and (3) M.G. Dyess's corporate representative was unable to answer certain questions—accompanied by his counsel's equally generic affidavit—fails to satisfy this

5

standard. *See* Dkt. No. 56; Porter Aff. (Dkt. No. 56-4) ("Additional discovery is needed in this matter, including the depositions of Karl Ivey and Stuart Adams").

It's undisputed that Ivy and Adams have relevant information here; they each swore under penalty of perjury that McDonald took M.G. Dyess's truck without permission after his shift had ended. But to obtain the requested relief, Villegas must do more than show the general relevance of the requested depositions. He must identify specific or material evidence that could affect the summary judgment ruling. *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Villegas hasn't done so here. Instead, Villegas's motion appears to rest on his unfounded *hope* that he could adduce evidence at Ivy and Adam's depositions to contradict their affidavits.[3] Moreover, the fact that M.G. Dyess's corporate representative wasn't able to answer all questions posed to him during the deposition doesn't resolve things here. Villegas hasn't explained *why* these questions are pertinent to the issues raised by M.G. Dyess's summary judgment motion or the bases for his belief that either Ivy or Adams will have the answers that the corporate representative lacked. In sum, a far greater showing is required to obtain relief here.

Rule 56(d) also requires that "the non-movant must diligently pursue relevant discovery—the trial court need not aid non-movants who have occasioned their own predicament." *Wichita Falls Office Assocs.*, 978 F.2d at 919 (addressing relief under Rule 56(f), which is now Rule 56(d)); *see also Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). Here, the record reflects Villegas largely occasioned his own predicament. Although Villegas claims to have requested the depositions of Ivy and Adams "since November

---

[3] *See, e.g.*, *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 886 (7th Cir. 2005) (district court properly denied plaintiffs' Rule 56(f)—now Rule 56(d)—motion for continuance where plaintiffs speculated that the requested depositions might cast doubt on the affiants' prior statements).

11, 2020,"[4] the deadline to complete discovery was only two days later—on November 13, 2020. *See* Dkt. No. 29. Accordingly, the depositions were untimely when requested. *See, e.g.*, Local Rule CV-16(d) ("Depositions must be completed before the discovery deadline. Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced.").

Even assuming Villegas had timely requested dates, it was ultimately Villegas's obligation to notice the depositions within the discovery deadline. As another District Court in the circuit explained,

> [w]hile the agreement of counsel on a date for a deposition is preferred, it is not required by Rule 30 . . . . After making a reasonable attempt to schedule a deposition on a convenient date, counsel desiring to depose a witness must simply schedule the deposition and serve a notice, and a subpoena when required.

*Rushing v. Bd. of Sup'rs of the Univ. of Louisiana Sys. (Se. Louisiana Univ.)*, No. CIV.A.06–623–RET–SCR, 2008 WL 4330186, at *2 n. 13 (M.D. La. Sept.15, 2008); *see also Hilliard v. Tyson Foods, Inc.*, No. 10-CV-2388, 2012 WL 4829384, at *2 (S.D. Tex. Oct. 10, 2012) (noting that the party seeking a deposition has the "obligation to act to obtain the deposition").

Counsel for Villegas conceded at the May 5 hearing that she never noticed the depositions Villegas now seeks to compel. In an attempt to explain this failure, counsel claimed M.G. Dyess refused to produce Ivy and Adams for deposition until Berkley answered. But M.G. Dyess's alleged refusal to proceed with the depositions doesn't excuse Villegas from noticing them. And, in any event, the record reflects that M.G. Dyess offered three different dates for the depositions. *See* Dkt. No. 56-1. M.G. Dyess alleges—and Villegas doesn't dispute—that Villegas failed to follow through with noticing the depositions. *See* Dkt. No. 58 at 2. Having

---

[4] Dkt. No. 56 at 2.

failed to timely notice the depositions, Villegas can't demonstrate that he diligently pursued the discovery he now seeks.

It also bears mention that Villegas had more than sufficient time to conduct discovery in this personal-injury case. Villegas sued M.G. Dyess and McDonald in *August 2019*. Accordingly, Villegas cannot blame the COVID-19 pandemic for his current predicament. Moreover, in the time since Villegas initiated this action, the District Court amended the scheduling order no less than *five times* at the parties' request. *See* Apr. 27, 2020, May 26, 2020, August 31, 2020, Nov. 18, 2020 text orders & Dkt. Nos. 29 & 45. Nevertheless, Villegas apparently waited over a year after filing suit to depose M.G. Dyess's corporate representative Aaron Crowell. He then delayed over a month and a half before even requesting dates for Ivy and Adams's depositions—notwithstanding the fact that Crowell testified they both had relevant information. *See* Dkt. No. 57 at 4-5. Accordingly, M.G. Dyess's summary judgment motion is far from premature, as Villegas claims.

Finally, pursuant to the Local Rules, "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." Local Rule CV-16(d). Villegas hasn't identified exceptional circumstances, let alone explained why he waited until nearly five months after the discovery deadline before moving to compel Ivy and Adams's depositions.

> **2.** *Granting the requested relief would unfairly prejudice M.G. Dyess*. Also

relevant is the danger that granting Villegas's motions would result in unfair prejudice to M.G. Dyess. Villegas has now previewed M.G. Dyess's motion for summary judgment and supporting

evidence, and he could use that information to obtain an advantage if further depositions were to take place now. Indeed, that appears to be Villegas's game plan here. He seeks to take the depositions of Ivy and Adams in order to poke holes in their account of events. But re-opening discovery would necessitate a second round of briefing, causing M.G. Dyess to incur unwarranted costs.

For all these reasons, Villegas's motions are denied.

### B. M.G. Dyess's Motion for Summary Judgment Should Be Granted.

Turning to the merits of M.G. Dyess's summary judgment motion, there's no genuine issue of material fact regarding whether (1) McDonald was acting within the course and scope of his employment at the time of the crash or (2) M.G. Dyess was negligent or grossly negligent in hiring, qualifying, training, supervising, or retaining McDonald. Accordingly, the motion should be granted in its entirety.

*1. M.G. Dyess cannot be held vicariously liable.* Under the doctrine of respondeat superior, an employer such as M.G. Dyess may be vicariously liable for the negligent acts of its employee, if the employee's tortious acts were committed within the course and scope of his employment. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). An employee acts in the course and scope of his employment where the tortious act falls "within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Painter*, 561 S.W.3d at 131. Where, as is the case here, "it is proved that the vehicle involved in an accident was owned by the defendant and the driver was an employee of the defendant, 'a presumption arises that the driver was acting within the scope of his employment when the accident occurred.'" *J & C*

*Drilling Co. v. Salaiz*, 866 S.W.2d 632, 636-37 (Tex. App.—San Antonio 1993, no writ) (quoting *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). If unrefuted, the presumption will prevail. *See id.* But "the presumption vanishes when positive evidence to the contrary is introduced." *Id.* "At that time, the burden is on the plaintiff to produce other evidence that the driver was in the course and scope of his employment." *Id.*

Here, it's undisputed that McDonald was driving one of M.G. Dyess's trucks at the time of the accident. But M.G. Dyess has introduced competent, uncontroverted evidence establishing that McDonald wasn't on the clock or acting on M.G. Dyess's behalf when he crashed the vehicle 30 miles from the job site two hours after his shift ended. *See* Cromwell Dep. 91:21-92:9; Ivy Aff.; Adams Aff. In fact, according to Adams, McDonald admitted he had taken M.G. Dyess's truck without permission, in contravention of company policy. *See* Adams Aff.; Cromwell Dep. 92:18-95:6. M.G. Dyess has therefore successfully rebutted the presumption that McDonald was acting in the course and scope of his employment at the time of the accident, and Villegas hasn't produced any evidence to reflect a triable fact issue.[5] Accordingly, M.G. Dyess is entitled to summary judgment on Villegas's vicarious liability claim.

Although Villegas objects to the Court's consideration of Ivy and Adam's affidavits because their testimony, according to Villegas, is conclusory and self-serving, and because Villegas didn't have the opportunity to cross-examine them, these objections are overruled. Ivy

---

[5] *See, e.g.*, *Ginther v. Domino's Pizza, Inc.*, 93 S.W.3d 300, 304 (Tex. App.—Houston [14th Dist.] 2002) (pizza delivery driver's actions while driving friends home in car he used to deliver pizza fell outside course and scope of his employment, where it was undisputed that the driver's shift had ended and he left work almost two hours before accident and driver's trip was personal in nature); *J & C Drilling*, 866 S.W.2d at 637 (evidence that employee who was driving his company's car was on a personal errand at the time of the accident sufficiently rebutted presumption that driver was acting in the course and scope of his employment at the time of the accident; the fact that the driver was required to be on 24-hour call wasn't sufficient to raise an issue of course and scope).

and Adams have sufficiently established personal knowledge of the events before and after the collision, and they have also provided sufficient facts to support their allegations. Moreover, "[m]erely claiming that the evidence is self-serving does not mean [the Court] cannot consider it or that it is insufficient. Much evidence is self-serving and, to an extent, conclusional." *Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 513 (5th Cir.1999), *superseded on other grounds by* Fed. R. Evid. 103(a).[6] Finally, as discussed above, Villegas had ample opportunity to depose Ivy and Adams. His failure to diligently pursue discovery doesn't warrant disregarding either Ivy or Adams's sworn testimony.

   **2.** *M.G. Dyess's cannot be held directly liable either.* M.G. Dyess is similarly entitled to dismissal on summary judgment as to Villegas's claims that M.G. Dyess negligently qualified, hired, trained, supervised, and retained McDonald. There's no genuine issue of material fact that M.G. Dyess breached a duty owed to Villegas, let alone that the breach caused Villegas's injuries. Moreover, without evidence of ordinary negligence, Villegas's gross negligence claims fail.

  ***The claims for negligent hiring and retention fall short on summary judgment.***[7] "An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety

---

[6] *See also Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 442 n.7 (5th Cir. 2013) ("Affidavits or declarations of parties that set forth only conclusory and unsupported assertions are sometimes described disparagingly as 'self-serving' affidavits, as if the 'self-serving' nature of a document renders it automatically insufficient. However, there is nothing wrong with self-serving affidavits and declarations, provided they are supported by the facts in the record.") (quotations omitted).

[7] Villegas's "negligent qualification" claim doesn't appear to invoke a recognized cause of action under Texas law. Even if this cause of action were to exist, "it would only be a different way of stating a cause of action for negligent hiring." *Lugo-Gonzales v. C.R. England, Inc.*, No. 1:17-CV-073, 2018 WL 2321903, at *2 n.1 (S.D. Tex. Mar. 13, 2018).

of others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). Accordingly, an employer such as M.G. Dyess is liable for negligent hiring or retention if "it hires [or retains] an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Id.* Here, there's no evidence that M.G. Dyess either knew or should have known McDonald was an incompetent driver when he was hired on June 5, 2017, and re-hired on January 2, 2019—a month before the accident. First, at the time M.G. Dyess originally hired McDonald, he possessed a valid, unrestricted Mississippi driver's license, *see* Dkt. No. 54-11, which is *prima facie* evidence of McDonald's competency. *See Bartley v. Budget Rent-A-Car Corp.*, 919 S.W.2d 747, 752 (Tex. App.—Amarillo 1996, writ denied). Moreover, contemporaneous with re-hiring McDonald, M.G. Dyess obtained a favorable report regarding McDonald's driving history. *See* Dkt. No. 54-6. Accordingly, the fact that M.G. Dyess didn't require McDonald to undergo a road test to drive a standard non-commercial vehicle doesn't create a genuine issue of material fact on the issue. And there's no evidence in the record raising a genuine issue of material fact that M.G. Dyess either knew or should have known Villegas was incompetent either at the time of hire or at any point during his employment.

Although Villegas makes much ado over the fact that M.G. Dyess only ran a motor vehicle report for the state of Mississippi as opposed to any other states McDonald had driven in, there's no evidence to suggest that McDonald ever possessed a license issued by any other state. Indeed, in his 2017 application, McDonald denied holding any other licenses. *See* Dkt. No. 54-4. And, while Mississippi ultimately suspended McDonald's driver's license for failing to appear for an August 22, 2018, citation issued by the state of West Virginia, the suspension wasn't effective until March 19, 2019—one month *after* McDonald's collision with Villegas. *See* Dkt.

No. 57-10.[8] Accordingly, there's no reason—based on this record—that M.G. Dyess should have known through the exercise of reasonable diligence that McDonald—a licensed driver with an apparent unblemished driving record—wasn't competent to drive one of its non-commercial trucks. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.) ("An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire . . . the employee."); *McDorman ex rel. Connelly v. Tex.-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 803-04 (N.D. Tex. 2003) ("A plaintiff cannot recover for the tort of negligent hiring absent some evidence that the defendant did not act with reasonable care.").

***The negligent-training and supervision claims also fail on summary judgment.*** "To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." *Dangerfield*, 264 S.W.3d at 912. Here, Villegas appears to allege M.G Dyess was negligent because it didn't require McDonald to participate in a safe-driving training class. *See* Dkt. No. 57 at 6. But an employer doesn't have a duty to train an experienced employee regarding commonly known dangers of driving, such as obeying speed limits and stop signs or not driving while under the influence of intoxicants.[9] These are all commonly known rules of the road that M.G. Dyess would've reasonably expected Villegas to know and follow.

---

[8] Because this evidence isn't relevant to the issues presented, the Court need not address M.G. Dyess's objections to the Court's consideration of it. *See* Dkt. No. 59 at 1-2.

[9] *See e.g.*, *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 412 (Tex. 2009) (rejecting the duty to "train employees regarding the commonly-known dangers of driving while fatigued" because an employer "owes no duty to warn of hazards that are commonly known or already appreciated by the employee") (quotations omitted); *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("[A]n employer has no duty to adopt rules or to warn or instruct an employee, who is an experienced driver, with regard

Summary judgment should also be granted on Villegas's claim for negligent supervision. To start, Villegas hasn't presented any authority to suggest that employers have a legal duty to third parties to audit their drivers' mileage, collect keys after each shift, or require that drivers take a specific route. Even assuming such a legal duty were to exist, there's no genuine issue of material fact that M.G. Dyess's alleged breach of it caused Villegas's injuries here. At most, the evidence suggests that M.G. Dyess's failure to keep a closer eye on McDonald "did no more than furnish a condition which made [Villegas's] injury possible." *Doe v. Boys Clubs of Greater Dallas, Inc*., 907 S.W.2d 472, 477 (Tex. 1995). Nor is there any basis in the record to suggest that a person of ordinary intelligence would've reasonably anticipated the dangers of these omissions. *See id.* (discussing when conduct is foreseeable for purposes of the proximate cause analysis). The uncontested summary judgment evidence reveals that McDonald took M.G. Dyess's truck on an after-hours excursion 30 miles from the job site without permission and in violation of company policy. Indeed, the fact that McDonald took the truck in violation of company policy reflects that no duty was breached here.

For all these reasons, summary judgment should be granted on Villegas's claims of direct liability against M.G. Dyess.

   **3.** *The claims for gross negligence fail as well*. In Texas, "gross negligence is not a separate cause of action apart from negligence." *RLI Ins. Co. v. Union Pac. Ry. Co*., 463 F. Supp. 2d 646, 649-50 (S.D. Tex. 2006). "Rather, the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages." *Id.* But "a plaintiff cannot recover exemplary damages until he or she proves an entitlement to actual damages." *Newman v. Tropical Visions, Inc*., 891 S.W.2d 713, 721-22 (Tex. App.—San Antonio 1994, writ denied)

---

to dangers that are ordinarily incident to driving a vehicle and require no special skills or knowledge other than that expected of all licensed drivers.").

(collecting authorities). Accordingly, having concluded that Villegas can't succeed on any his claims of ordinary negligence, summary judgment should also be granted on his claims of gross negligence. *See id.*[10]

## Conclusion and Recommendation

For the reasons discussed above, Villegas's Motion for Extension of Time, Dkt. No. 56, and Motion to Compel, Dkt. No. 61, are **DENIED**. It is also recommended that M.G. Dyess's Motion for Summary Judgment, Dkt. No. 54, be **GRANTED**.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).

---

[10] *See also Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 201 n.16 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A plaintiff who cannot support a cause of action for negligence cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence.").

Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 23rd day of June, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE